**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| LUCY ZUBEK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | Case No.: |
| KEVIN CHARLES NUTT | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, LUCY ZUBEK, by and through her attorneys, RIFKIND PATRICK LLC, and for her complaint against the Defendant, KEVIN CHARLES NUTT, upon personal information as to her own activities and upon information and belief as to the activities of others and all other matters, state the following:

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, 18 U.S.C. § 1836 and 15 U.S.C.A. § 1125(a).

2.      Venue is proper in Illinois as Defendant, KEVIN CHARLES NUTT, is a citizen of Illinois and resides in Geneva, Kane County, Illinois, which is within the confines of the Northern District of Illinois, Eastern Division.  Additionally, a substantial part of the events and transactions giving rise to the claims alleged herein occurred in this district.

**PARTIES**

3.      At all times relevant to this action, Plaintiff LUCY ZUBEK, was a resident of Cook County, at the address commonly known as 6401 West 92nd Street, Oak Lawn, Illinois 60453.

4.     At all times relevant to this action, the Defendant, KEVIN CHARLES NUTT, was a resident of Illinois, residing at the address commonly known as 208 Howard Street, Geneva, Illinois 60134.

## ALLEGATIONS COMMON TO ALL COUNTS

5.     On or around June, 2014, Plaintiff decided to create a business website with the purpose of educating and tutoring college students in various academic subjects.

6.     On or around July, 2014, Plaintiff was introduced to Defendant through a mutual acquaintance, as someone capable of creating a successful business website.

7.     Also on or around July, 2014, Plaintiff and Defendant entered into an oral web development contract whereby Defendant would create a working website within 3-4 months for Plaintiff for a total of $7,000.00.

8.     The website was completed according to the oral agreement (hereinafter referred to as "subject agreement 1") and the site, hiqualitytutorials.com began generating revenue for Plaintiff's new online business.

9.     On or around September, 2015, due, in part, to the success of the previous website that Defendant created, Plaintiff decided to move forward with creating a second website, completely separate from the first, but still related to educational material. Plaintiff and Defendant once again entered into an oral web development contract (hereinafter referred to as "subject agreement 2"), this time, for the website to be completed within 4-6 months for a total of $10,300.00. The new website was to be called collegecoursehelp.com. Likewise, $2,925.00 was also paid to create a clone site.

10.     By the end of around October, 2015, Plaintiff paid Defendant $6,300.00 towards the new website. Defendant informed Plaintiff that the website should be completed by the end of the year.

11.     On or around November, 2015, Plaintiff and Defendant agreed to a website advertising agreement (hereinafter referred to as "subject agreement 3") for the websites. Plaintiff would pay approximately $400.00 a month going forward for a period of 12 months for search engine optimization and social media posting. See Exhibit A.

12.     Upon making monthly approximately $400.00 payments to Defendant, Plaintiff had requested on multiple occasions proof that the monies were going towards website advertising. Defendant refused to show or give access to Plaintiff the web advertising portal.

13.     Plaintiff requested on multiple occasions for proof that the new website would be completed throughout December 2015, January 2016 and February 2016. Defendant claimed to have "been working on it", but provided little if any proof to substantiate such claims.

14.     On or around February 2016, Defendant requested a final $300.00 payment for the new website and an $80.00 payment for a website plugin. Plaintiff refused to pay until she could have some evidence that the website was in fact completed.

15.     Also on or around February 2016, approximately a week later, Defendant convinced Plaintiff to make a final payment of $400.00 for the project, which she tendered.

16.     In March 2016, frustrated and feeling scammed of thousands of dollars without a new website, Plaintiff contacted an employee of Defendant who had left the project to find out more about what was going on. Gary Hunt informed Plaintiff that Defendant told him that "Plaintiff had not been making payments to Defendant and therefore he couldn't afford to pay Mr.

Hunt."  Mr. Hunt also told Plaintiff that he did not believe any advertising occurred as Defendant did not have the ability to do it himself.

17.    Plaintiff logged into her Google AdWords account on or around March 2016, only to discover that no ads were placed or created for her campaign by Defendant.

18.    On or around March 10, 2016, Plaintiff received notification that she had been removed as an admin from her hiqualitytutorials.com facebook account.

19.    Also in March 2016, Plaintiff was informed that her IP address was removed from her hiqualitytutorials.com account, she could no longer login to her main business website, and the IP address was pointed to Defendant.

20.    In March 2016, Plaintiff's accounts were hijacked and the new website that she had been looking forward to launching was instead launched by Defendant as either jumpstarttutorials.com or jumpstartcourses.com.

21.    In March 2016, Defendant began advertising his "new" website on Google, Bing, Facebook, Blogspot, Prezi, and several other well-known websites.

22.    Upon information and belief, on or around March 11, 2016, Defendant attempted to reverse payments on her highqualitytutorials.com business accounts and disable payment processing.

23.    As of March 2016, Plaintiff's new website, that was supposed to be created under collegecoursehelp.com, is now being forwarded to Defendant's own website, jumpstartcourses.com.

24.     Plaintiff has repeatedly requested for her access to be restored to her accounts, removal of the "JumpStart" websites, completion of her second website, collegecoursehelp.com, and for Defendant to cease and desist from his illegal activity.

25.     To date, Defendant has not complied with Plaintiff's numerous requests.

26.     Due to Defendant's actions, Plaintiff's revenue for February and March, 2016, has decreased substantially. In February 2016, Plaintiff grossed approximately $3,000.00. In March 2016, Plaintiff grossed approximately $2,794.00.   Plaintiff averaged approximately $5,000.00 a month since website launch, marking a substantial decrease in revenue due to Defendant's actions.

27.     That after repeatedly requesting to terminate subject agreement 3, Defendant refused to do so, inconsistent with the agreement.

## COUNT I: BREACH OF CONTRACT FOR SUBJECT AGREEMENT 2

28.     Plaintiff, LUCY ZUBEK, adopts and realleges paragraphs 1-27, inclusive, of the Allegations Common to All Counts, as paragraphs 1-27, inclusive of this Count I against Defendant, KEVIN CHARLES NUTT.

27.     That the Parties entered into the subject agreement 2  on or around September, 2015, in which Defendant would build a new website for Plaintiff for $10,300.00 within 4-6 months. The new website was to be called collegecoursehelp.com.

28.     That Plaintiff substantially performed under the agreement by paying the Defendant $10,300.00.

29.     That the Defendant, had a contractual duty to complete the terms of the subject agreement with Plaintiff.

30.     That Defendant's work is completely worthless to Plaintiff, as she has no new website to show for any of the money paid to Defendant.

31.     That the Defendant, KEVIN CHARLES NUTT, individually breached subject agreement 2 with Plaintiff, LUCY ZUBEK, in one or more of the following ways:

      a.     Failed to complete the collegecoursehelp.com new website within 4-6 months as agreed;

      b.     Failed to complete and provide Plaintiff with anything of value after she substantially performed under the agreement;

      c.     Failed to provide Plaintiff with a new website under the agreement;

      d.     Otherwise failed to fulfill his obligations under the subject agreement.

32.     As a direct and proximate result of one or more of the foregoing acts or omissions by Defendant, KEVIN CHARLES NUTT, the subject agreement was breached.


## COUNT II: BREACH OF CONTRACT FOR SUBJECT AGREEMENT 3

33.     Plaintiff, LUCY ZUBEK, adopts and realleges paragraphs 1-32, inclusive, of the Allegations Common to All Counts, as paragraphs 1-32, inclusive of this Count II against Defendant, KEVIN CHARLES NUTT.

34.     That the Parties entered into the subject agreement 3 on or around November, 2015, in which Defendant would provide search engine optimization services for highqualitytutorials.com, hiqualitycollegecourses.com, and collegecoursehelp.com.

35.     That Plaintiff substantially performed under the agreement by paying the Defendant approximately $400.00 a month for services rendered.

36.     That the Defendant had a contractual duty to complete the terms of the subject agreement with Plaintiff.

37.     That the Defendant's work is completely worthless to Plaintiffs, as she has no new website to show for any of the money paid to Defendant.

38.     That the Defendant, KEVIN CHARLES NUTT, individually breached subject agreement 3 with Plaintiff, LUCY ZUBEK, in one or more of the following ways:

     a.     Failed to perform search engine optimization services on the collegecoursehelp.com website;

     b.     Instead of providing four social media updates per month, made facebook posts directing her websites to Defendant's own website for his own benefit;

     c.     Failed to cancel the agreement despite being asked to do so in writing, violating Section 5: "Termination Provisions" of the agreement ;

     d.     Otherwise failed to fulfill his obligations under the subject agreement.

39.     As a direct and proximate result of one or more of the foregoing acts or omissions by Defendant, KEVIN CHARLES NUTT, the subject agreement was breached.

## COUNT III: UNJUST ENRICHMENT AS TO SUBJECT AGREEMENT 2 (IN THE ALTERNATIVE)

40.     Plaintiff, LUCY ZUBEK, adopts and realleges paragraphs 1-39, inclusive, of the Allegations Common to All Counts, as paragraphs 1-39, inclusive of this Count III against Defendant, KEVIN CHARLES NUTT.

41.     Subsequent to both parties consenting to subject agreement 2, Plaintiff, LUCY ZUBEK, fully and satisfactorily performed her duties and obligations under the subject agreement by giving Defendant, KEVIN CHARLES NUTT, $10,300.00, as well as $2,925.00 for the clone site.

42.    That Defendant failed to provide Plaintiff with the new website consistent with the agreement.

43.    That the Defendant has provided nothing of value to Plaintiff under subject agreement 2. Any clone site that was created was ultimately shut down by Defendant.

44.    That Defendant, KEVIN CHARLES NUTT, has materially benefitted from the $13,225.00 that Plaintiff, LUCY ZUBEK, provided him.


**COUNT IV: UNJUST ENRICHMENT AS TO SUBJECT AGREEMENT 3 (in the alternative)**

45.    Plaintiff, LUCY ZUBEK, adopts and realleges paragraphs 1-44, inclusive, of the Allegations Common to All Counts, as paragraphs 1-44, inclusive of this Count IV against Defendant, KEVIN CHARLES NUTT.

46.    Subsequent to both parties consenting to subject agreement 3, Plaintiff, LUCY ZUBEK, fully and satisfactorily performed her duties and obligations under the subject agreement by giving Defendant, KEVIN CHARLES NUTT, approximately $400.00 a month for search engine optimization services.

47.    That Defendant failed to provide Plaintiff with anything of value and instead, ended up hijacking her website for his own personal benefit..

48.    That Defendant, KEVIN CHARLES NUTT, has materially benefitted from the $,1600.00 that Plaintiff, LUCY ZUBEK, provided him.


**COUNT V: INTENTIONAL MISREPRESENTATION**

49.     Plaintiff, LUCY ZUBEK, adopts and realleges paragraphs 1-48, inclusive, of the Allegations Common to All Counts, as paragraphs 1-48, inclusive of this Count V against Defendant, KEVIN CHARLES NUTT.

50.     That before subject agreements 2 and 3 were agreed to and executed in September and November, 2015, Defendant represented that he would create a second website for Plaintiff and optimize it to grow her business.

51.     Defendant, KEVIN CHARLES NUTT's, made intentional representations and promises, with scienter, and falsely stated that:

   a.     Defendant was creating/created a "new" business website for Plaintiff;

   b.     Defendant was using the monies paid to him to optimize and advertise the new website for Plaintiff's business;

   c.     Plaintiff failed to make payments to Defendant, which is why he could not pay his employees on the project;

   d.     Otherwise made false statements about other material facts.

52.     The above representations made by Defendant, KEVIN CHARLES NUTT, were false. The true facts were that:

   a.     Defendant did not develop the collegecoursehelp.com website;

   b.     Defendant did not optimize the second website;

   c.     Plaintiff did pay Defendant agreed upon monies for the project;

   d.     Defendant was instead creating his own website for his personal use and financial gain.

53.     That Defendant knew his representations were false when he made them to Plaintiff.

54.     That Defendant intended that Plaintiff rely on his representations in consenting to subject agreement 2 and 3.

55.     That Plaintiff, at the time Defendant made these representations, was ignorant of the falsity of Defendant's representations and reasonably believed them to be true.

54.     In reasonable and justifiable reliance on Defendant's representations, Plaintiff was induced to consent to subject agreement 2 and 3 with Defendant.

56.     Plaintiff would not have agreed to execute either agreement had she known the actual intentions of Defendant's representations.

57.     That the Defendant did not complete the second new website and failed to perform search engine optimization services, instead performing work for his own benefit, hijacking her information and sites, and refusing to terminate his new "JumpStart" website and company.

58.     That as a proximate result of the representations made by Defendant, KEVIN CHARLES NUTT, Plaintiff, LUCY ZUBEK's, business is generating approximately half the monthly gross revenue it was before this situation started and she is out $10,300.00 for a website that was never created for her and $1,600.00 for search engine optimization services that never occured on her second website, and $2,925.00 for the clone site that was shut down by Defendant.

## COUNT VI: VIOLATION OF THE FEDERAL DEFENSE OF TRADE SECRETS ACT (18 U.S.C. § 1836 as Amended)

59. Plaintiff, LUCY ZUBEK, adopts and realleges paragraphs 1-58, inclusive, of the Allegations Common to All Counts, as paragraphs 1-58, inclusive of this Count VI against Defendant, KEVIN CHARLES NUTT.

60. Plaintiff's services were aimed at educating and tutoring college students in various academic subjects throughout the United States.  Therefore, Plaintiff's services were used in interstate commerce, or intended for use in interstate commerce.

61. Defendant used Plaintiff's confidential and proprietary information to hijack her tutoring website, hiqualitytutorials.com, and the trade secrets used therein to use the website for his own benefit through removing Plaintiff's IP address from the website, changing her login information so that she could no longer access the site, and pointing the IP address to Defendant.

62. Defendant additionally hijacked Plaintiff's accounts to launch Plaintiff's new website, intended to be called collegecoursehelp.com, that Plaintiff had paid Defendant to create, calling it jumpstartcourses.com instead. Defendant repeatedly published a forwarding address for highqualitytutorials.com to point towards "JumpStart".

63. Defendant willfully and maliciously misappropriated Plaintiff's trade secrets from hijacking her tutoring services websites through accessing Plaintiff's personal accounts.

64. When Defendant used Plaintiff's confidential and proprietary information to develop Plaintiff's website, Defendant knew the information was protected and that Defendant had a duty to maintain the secrecy of Plaintiff's trade secrets and to not willfully and maliciously misappropriate them.

65. Plaintiff is the owner of the both websites and paid Defendant to develop them for Plaintiff's tutoring services business.

66. Defendant is willfully and improperly using Plaintiff's trade secrets for his own financial benefit. Defendant has provided no reasonable justification for this use and knows or should know that the trade secrets are Plaintiff's property.

67. Defendant's willful, improper and malicious use of Plaintiff's trade secrets for his own financial gain has irreparably harmed Plaintiff of revenue from her website services. Due

to Defendant's actions, Plaintiff's revenue for February and March, 2016, has decreased

substantially.

    a. In February, 2016, Plaintiff grossed approximately $3000.
    b. In March, 2016, Plaintiff grossed approximately $2794.
    c. Plaintiff averaged approximately $5,000 a month since hiqualitytutorials.com
       initial launch in 2014, marking a substantial decrease in revenue due to
       Defendant's actions.

68. Plaintiff has not expressly or impliedly consented to Defendant's use of Plaintiff's trade

secrets in any way.

69. Plaintiff has demanded the return of her trade secrets and Defendant has failed and refused

to do so without any appropriate basis for such failure and refusal.


## COUNT VII: FEDERAL UNFAIR COMPETITION AND UNFAIR DESIGNATION OF ORIGIN (15 U.S.C.A. § 1125(a))

70. Plaintiff, LUCY ZUBEK, adopts and realleges paragraphs 1-69, inclusive, of the

Allegations Common to All Counts, as paragraphs 1-69, inclusive of this Count VII

against Defendant, KEVIN CHARLES NUTT.

71. Defendant has deliberately and willfully attempted to confuse consumers as to the origin

of Defendant's services through false representations to pass off his services as that of

Plaintiff's.

72. Defendant's unauthorized and tortious conduct has deprived and will continue to deprive

Plaintiff of the ability to control consumer perception of her services offered under

Plaintiff's website domain and website names, placing the valuable reputation that

Plaintiff has been building through her services into Defendant's hands.

73. By reason of the acts of Defendant referred to above, Defendant has falsely designated the origin of, and has falsely described or represented Plaintiff's services as his own and has misdirected all traffic to his website, with knowledge of such falsity, to be transported or used in commerce in contravention of 15 U.S.C.A. § 1125(a).

74. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff's services, and as to the origin or approval of Defendant and their misappropriated services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125 (a)(1).

75. The public is likely to be confused, mistaken, and deceived by Defendant's use of such false designations of origin and false representations, and is likely to purchase services from Defendant with such false designations of origin, false descriptions, and false representations in a mistaken belief that Defendant's services are that of Plaintiff's tutoring services.

76. As a result of Defendant's aforementioned conduct, Plaintiff has suffered irreparable commercial damage in that due to Defendant's actions, Plaintiff's revenue for February and March, 2016, has decreased substantially.

   a. In February, 2016, Plaintiff grossed approximately $3000.
   b. In March, 2016, Plaintiff grossed approximately $2794.
   c. Plaintiff averaged approximately $5,000 a month since hiqualitytutorials.com initial launch in 2014, marking a substantial decrease in revenue due to Defendant's actions.

## COUNT VIII: DECLARATORY ACTION

77. Plaintiff, LUCY ZUBEK, adopts and realleges paragraphs 1-76, inclusive, of the Allegations Common to All Counts, as paragraphs 1-76, inclusive of this Count VII against Defendant, KEVIN CHARLES NUTT.

78. Defendant has deliberately and willfully attempted to confuse consumers as to the origin of Defendant's services through false representations to pass off his services as that of Plaintiff's.

79. Defendant's unauthorized and tortious conduct has deprived and will continue to deprive Plaintiff of the ability to control consumer perception of her services offered under Plaintiff's website domain and website names, placing the valuable reputation that Plaintiff has been building through her services into Defendant's hands.

80. By reason of the acts of Defendant referred to above, Defendant has falsely designated the origin of, and has falsely described or represented Plaintiff's services as his own and has misdirected all traffic to his website, with knowledge of such falsity, to be transported or used in commerce in contravention of 15 U.S.C.A. § 1125(a).

81. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff's services, and as to the origin or approval of Defendant and their misappropriated services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125 (a)(1).

82. The public is likely to be confused, mistaken, and deceived by Defendant's use of such false designations of origin and false representations, and is likely to purchase services from Defendant with such false designations of origin, false descriptions, and false

representations in a mistaken belief that Defendant's services are that of Plaintiff's

tutoring services.

83. As a result of Defendant's aforementioned conduct, Plaintiff has suffered irreparable

commercial damage in that due to Defendant's actions, Plaintiff's revenue for February

and March, 2016, has decreased substantially.

    a. In February, 2016, Plaintiff grossed approximately $3000.
    b. In March, 2016, Plaintiff grossed approximately $2794.
    c. Plaintiff averaged approximately $5,000 a month since hiqualitytutorials.com
       initial launch in 2014, marking a substantial decrease in revenue due to
       Defendant's actions.

84. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's

conduct and forces him to return Plaintiff's websites to her sole control and ownership.

       WHEREFORE, the Plaintiff, LUCY ZUBEK, prays that judgment be entered against the

Defendant, KEVIN CHARLES NUTT, and in favor of Plaintiff for the following:

1. $14,825.00 for amounts paid to Defendant by Plaintiff;
2. Consequential and incidental damages to be proven at trial;
3. That this Court orders Defendant to immediately turn over control of the subject websites
   to Plaintiff;
4. Costs of suit;
5. Reasonable attorney's fees;
6. Punitive Damages;
7. Prejudgment interest;
8. And any other relief that this Court deems equitable or just.

*     *     *

Dated: September 16, 2016                    Respectfully Submitted,

                                             LUCY ZUBEK


                                By:    _____/s/ Sean P. Patrick_____
                                       Sean P. Patrick
                                       An Attorney for Plaintiff


                                By:    _____/s/ Aaron E. Rifkind_____
                                       Aaron E. Rifkind
                                       An Attorney for Plaintiff


RIFKIND PATRICK LLC
225 West Washington
Suite 2200
Chicago, Illinois 60606
(312) 725-4229
spatrick@rifkindpatrick.com
arifkind@rifkindpatrick.com

*Attorneys for Plaintiff LUCY ZUBEK*